UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMINATA DUNCANSON,

                Plaintiff,

v.                                                                                3:21-CV-0587
                                                                                  (GTS/ML)
KAIZER DEVELOPERS
LLC, doing business as
Comfort Suites; MAULIK
GAJJER, Supervisor, HR
and General Manager;
RAJIV SHARNA; NEERAY
DEDAUIA; and BAVESH
PATEL,

                Defendants.
_____

APPEARANCES:                                                      OF COUNSEL:

AMINATA DUNCANSON
  Plaintiff, *Pro Se*
26 Pulaski Street
Binghamton, New York 13905

MIROSLAV LOVRIC, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this *pro se* Complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* (Dkt. No. 2) filed by Aminata Duncanson ("Plaintiff") to the Court for review. For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2), and recommend that Plaintiff's Complaint (Dkt. No. 1) be (1) accepted in part for filing, and (2) dismissed (a) in part with leave to amend and (2) in part without leave to amend.

**I.     BACKGROUND**

Liberally construed,[1] Plaintiff's Complaint asserts that her civil rights were violated by Kaizer Developers LLC, doing business as Comfort Suites; Maulik Gajjer, Supervisor, Human Resources and General Manager; Rajiv Sharna; Neeray Dedauia; and Bavesh Patel (collectively "Defendants") after Defendant Gajjer sexually harassed Plaintiff in the course of her employment at Comfort Suites. (*See generally* Dkt. No. 1.)

More specifically, the Complaint alleges that on or about May 28, 2019, while Plaintiff worked at Comfort Suites, Defendant Gajjer (Plaintiff's supervisor) engaged in a conversation that made Plaintiff "very uncomfortable." (Dkt. No. 1 at 3-5.) Plaintiff alleges that Defendant Gajjer (1) asked Plaintiff whether she was single, (2) asked if she lived alone, and (3) stated that "[h]e wanted a sexual relationship" with Plaintiff and that "he would give [her] anything [she] wanted." (*Id*. at 5-6.)

Plaintiff alleges that Defendant Gajjer directed her to the stock room to organize but that when Plaintiff arrived at the stock room, Defendant Gajjer closed the door and again told her that he wanted a sexual relationship with her. (*Id*. at 6-7.) Plaintiff alleges that she looked around the stock room for an escape but that Defendant Gajjer approached and touched her "neck down to [her] breast" and that "he went inside [her] bra[ and] rubbed himself against [her]." (*Id*. at 7.) Plaintiff alleges that she shook uncontrollably and told Defendant Gajjer "if you gonna do this to me at least let me shower." (*Id*.) Plaintiff alleges that when Defendant Gajjer left the stock room

---

[1]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

to obtain a key to a hotel room, she went to the laundry room to collect her belongings and left for home.  (*Id*. at 7-8.)

Plaintiff alleges that on or about May 29, 2019, she reported the incident to the police and Comfort Suites' human resources department.  (*Id*. at 3, 4, 11.)  Plaintiff alleges that the police informed her that all surveillance cameras had been erased.  (*Id*. at 4.)  She alleges that while speaking with the head of housekeeping about what happened, "[Defendant Gajjer] saw [them] th[r]ough the surveillance camera[] and called" Plaintiff to his office.  (*Id*. at 11.)  Plaintiff alleges that Defendant Gajjer begged for her forgiveness, stated that it would never happen again and that he would feel horrible if she left knowing the obligations she had to her family in Africa.  (*Id*.)  Plaintiff alleges that she then went back down to the basement to gather the rest of her belongings and the head of housekeeping told her that she would open the basement door for Plaintiff to leave without seeing Defendant Gajjer.  (*Id*. at 12.)

Based upon the foregoing allegations, the Complaint appears to assert a claim of sexual harassment pursuant to Title VII of the Civil Rights Act of 1964.  (*See generally* Dkt. No. 1.)

As relief, Plaintiff seeks (1) $35,000.00, (2) for Defendant Gajjer to "be removed from any power position where he can do this again," and (3) for "sexual harassment workers education be made available."  (Dkt. No. 1 at 13.)

## II.   PROCEDURAL HISTORY

On May 21, 2021, Plaintiff commenced this action by filing a verified Complaint and a motion to proceed *in forma pauperis*.  (Dkt. Nos. 1, 2.)

On her form Compliant Plaintiff stated that she "filed charges with the New York State Division of Human Rights, the New York City Commission on Human Rights or Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about"

June 10, 2019.  (Dkt. No. 1 at 4.)  The Complaint alleges that "[t]he Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter **(copy attached)** which was received by me on or about" March 23, 2021.  (*Id*. [emphasis in original].)  The copy attached to the Complaint of the Equal Employment Opportunity Commission ("EEOC") right-to-sue letter has the date cut-off, all that is legible is "February 23, 20."  (*Id*. at 14.)  In addition, the right-to-sue-letter appears to have handwritten additions including (1) a circle around the typed "**WITHIN 90 DAYS** of your receipt of this notice" and (2) the written words "May 23, 2021."  (*Id*.)

### III. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[2]  After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard.  Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[3]

---

[2] The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3] Plaintiff is reminded that, although her application to proceed *in forma pauperis* has been granted, she is still required to pay fees that she may incur in this action, including copying and/or witness fees.

## IV.　LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a *pro se* complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

**V.   ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe her pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiffs' Complaint with this principle in mind, I recommend that (1) her Title VII claims against Defendants Gajjer, Sharna, Dedauia, and Patel be dismissed without leave to amend, (2) her *quid pro quo* harassment Title VII claim against Defendant Kaizer Developers LLC be dismissed with leave to amend, and (3) her hostile work environment claim against Defendant Kaizer Developers LLC be accepted for filing.

### A. Title VII Claims Against Defendants Gajjer, Sharna, Dedauia, and Patel

"'[I]ndividuals are not subject to liability under Title VII.'" *Patterson v. Cnty. of Oneida, New York*, 375 F.3d 206, 221 (2d Cir. 2004) (quoting *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000)); *accord Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015) (quoting *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014)) ("Title VII 'does not create liability in individual supervisors and co-workers who are not the plaintiffs' actual employers.'"); *see Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) ("the district court's dismissal of [the] plaintiff's Title VII claims against [the defendant] in his personal capacity must be affirmed because under Title VII individual supervisors are not subject to liability."); *Weiping Liu v. Indium Corp. of Am.*, 16-CV-1080, 2019 WL 3825511, at *11 n.26 (N.D.N.Y. Aug. 15, 2019) (Sannes, J.) ("[T]o the extent Plaintiff brings Title VII claims against the individual defendants, those claims are dismissed.").

As a result, I recommend that Plaintiff's Title VII claims, insofar as asserted against Defendants Gajjer, Sharna, Dedauia, and Patel,[5] be dismissed with prejudice and without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim.

---

[5] To the extent that Plaintiff seeks to assert Title VII claims against Defendants Gajjer, Sharna, Dedauia, and Patel in their official capacities, I recommend that those claims also be dismissed. *See Hamilton v. Cnty. of Onondaga, New York*, 15-CV-1333, 2018 WL 4554496, at

7

B. **Title VII Claims Against Defendant Kaizer Developers LLC**

"Title VII makes it unlawful for an employer to discriminate against any individual based on that person's sex." *Walsh v. New York City Hous. Auth.*, 828 F.3d 70, 74 (2d Cir. 2016) (citing 42 U.S.C. § 2000e-2(a)(1)). "Without question, when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminate[s]' on the basis of sex." *Metitor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986); *accord Canosa v. Ziff*, 18-CV-4115, 2019 WL 498865 at *17 (S.D.N.Y. Jan. 28, 2019). Under Title VII discrimination based on sexual harassment can be pleaded in two ways: (1) a *quid pro quo* harassment claim, which requires pleading that the plaintiff "suffered adverse employment action(s) 'either because of gender or because a sexual advance was made by a supervisor and rejected by her,'" *Williams v. N.Y.C. Dep't of Educ.*, 19-CV-1353, 2019 WL 4393546, at *6 (S.D.N.Y. Aug. 28, 2019) (citation omitted), and (2) a hostile work environment claim, which requires pleading "that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive

---

*11 n.28 (N.D.N.Y. Sept. 21, 2018) (Sannes, J.) (dismissing "any claims against the individual Defendants in their official capacities under Title VII" because "to the extent that the individual Defendants are sued in their official capacities, the claims 'are the functional equivalents of a suit against Onondaga County' . . . . [and] 'individuals are not subject to liability under Title VII.'"); *see also Littlejohn v. City of New York*, 795 F.3d 297, 313 n.12 (2d Cir. 2015) (deeming as forfeited for purposes of appeal, the dismissed Title VII claims against defendant Mattingly in his official capacity); *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241 n.2 (2d Cir. 1995) (reserving on the issue of whether individuals sued in their corporate capacity as an agent of the employer could be subject to liability pursuant to Title VII); *McBride v. Routh*, 51 F. Supp. 2d 153, 156-57 (D. Conn. 1999) (collecting cases) (noting that "the recent trend in Title VII cases has been to disallow official capacity claims against non-employer individuals" and finding the reasoning of those cases persuasive); *Walsh v. City of Auburn*, 942 F. Supp. 788, 797 (N.D.N.Y. 1996) (Pooler, J.) ("Title VII applie[s] only to employer entities and not to individual defendants acting as agents of the employer.").

working environment.'" *Littlejohn v. City of N.Y.*, 795 F.3d 297, 320-21 (2d Cir. 2015) (citation omitted). "'While the standard for establishing a hostile work environment is high,' the Second Circuit has 'repeatedly cautioned against setting the bar too high, noting that while a mild, isolated incident does not make a work environment hostile, the test is whether the harassment is of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse.'" *Villalta v. JS Barkats, P.L.L.C.*, 16-CV-2772, 2021 WL 2458699, at *9 (S.D.N.Y. Apr. 16, 2021), *report and recommendation adopted*, 2021 WL 2458023 (S.D.N.Y. June 16, 2021).

### 1. Harassment

To the extent that Plaintiff seeks to assert a *quid pro quo* harassment Title VII claim, I recommend that claim be dismissed.

"A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." *Malcolm* v. *Honeoye Falls Lima Cent. Sch. Dist.*, 483 F. App'x 660, 662 (2d Cir. 2012) (summary order) (citing *Galabya* v. *N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000), *abrogation on other grounds recognized by Davis-Garett* v. *Urban Outfitters, Inc.*, 921 F.3d 30 (2d Cir. 2019)). For an employment action to be materially adverse, it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Galabya*, 202 F.3d at 640. "'Not every unpleasant matter short of discharge or demotion creates a cause of action.'" *Katz* v. *Beth Isr. Med. Ctr.*, 95-CV-7183, 2001 WL 11064, at *14 (S.D.N.Y. Jan. 4, 2001) (quoting *Wanamaker* v. *Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997)). The Second Circuit has held that "a termination of employment, a demotion as evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities" qualifies as a

materially adverse change. *Galabya*, 202 F.3d at 640. "[I]t is not enough that defendants gave plaintiff a subjectively less preferred . . . assignment; the assignment must be materially less prestigious, materially less suited to her skills and expertise, or materially less conducive to career advancement." *Kunik* v. *N.Y.C. Dep't of Educ.*, 436 F. Supp. 3d 684, 694 (S.D.N.Y. 2020) (internal quotation marks omitted), *aff'd*, 842 F. App'x 668 (2d Cir. 2021) (summary order); *accord Marquez* v. *Hoffman*, 18-CV-7315, 2021 WL 1226981, at *13 (S.D.N.Y. Mar. 31, 2021).

Here, Plaintiff has failed to assert any allegations plausibly suggesting that she sustained an adverse employment action. (*See generally* Dkt. No. 1.) As a result, I recommend that, to the extent Plaintiff attempts to assert a *quid pro quo* harassment Title VII claim against Defendant Kaizer Developers LLC, such claim be dismissed for failure to state a claim.

### 2. Hostile Work Environment

In determining whether an environment is hostile or abusive, the Court must consider the totality of the circumstances, including: "[i] the frequency of the discriminatory conduct; [ii] its severity; [iii] whether it is physically threatening or humiliating, or a mere offensive utterance; and [iv] whether it unreasonably interferes with an employee's work performance." *Harris* v. *Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); *accord Schiano* v. *Quality Payroll Sys., Inc.*, 445 F.3d 597, 605 (2d Cir. 2006).

Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to

dismiss or for summary judgment, I recommend that a response be required to Plaintiff's hostile work environment Title VII claim against Defendant Kaizer Developers LLC.[6]

## VI.   OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949

---

[6] For Title VII claims, a plaintiff "must file a charge of discrimination with the EEOC 'within three hundred days after the alleged unlawful employment practice occurred,' 42 U.S.C. § 2000e-5(e)(1), and must then file an action in federal court within 90 days of receiving a right-to-sue letter from the agency, *id.* § 2000e-5(f)(1)." *Duplan v. City of N.Y.*, 888 F.3d 612, 621-22 (2d Cir. 2018); *accord Brown v. Wetz*, 18-CV-11178, 2021 WL 964922, at *5 (S.D.N.Y. Mar. 15, 2021). The Court notes that the EEOC right-to-sue letter attached to the Complaint is missing the complete year that it was issued with the date only visible as "February 23, 20." (Dkt. No. 1, p. 14.) However, Plaintiff alleges that she received the EEOC right-to-sue letter on or about March 23, 2021. (*Id.* at 4.) "Courts in the Second Circuit presume that a mailed document is received three days after its mailing . . . and that the notice is presumed to have been mailed on the date shown in the notice [absent evidence to the contrary]." *Ranaghan v. New York Ass'n of Psychiatric Rehab. Servs.*, 20-CV-0488, 2021 WL 431165, at *1 (N.D.N.Y. Feb. 8, 2021) (Sharpe, J.) (internal alterations and quotation marks omitted). Construing the Complaint liberally, as the Court must at this juncture, Plaintiff's Complaint was timely filed whether the date for calculating the ninety-days commenced on February 23, 2021, February 26, 2021, or March 23, 2021. However, to the extent that the Court is presented with evidence that the right-to-sue letter was issued on February 23, 2020—instead of February 23, 2021—then Plaintiff's Title VII claims against Defendants may be untimely. *See Morgan v. Mohawk Valley Psychiatric Ctr.*, 20-CV-0740, 2021 WL 2592904, at *4-5 (N.D.N.Y. June 24, 2021) (Suddaby, C.J.) (dismissing as untimely the plaintiff's Title VII claims where the complaint was filed approximately six months after the right-to-sue letter was dated "because Plaintiff has not provided any allegation or evidence that she received the right-to-sue letter at any later time that would make her filing date timely.")

F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[7]

I recommend that Plaintiff's Title VII claim against Defendants Gajjer, Sharna, Dedauia, and Patel be dismissed without leave to amend. *See Pitter v. Target Corp.,* 20-CV-0183, 2020 WL 8474858, at *7 (N.D.N.Y. Sept. 1, 2020) (Hummel, M.J.) (recommending dismissal with prejudice and without leave to amend the plaintiff's Title VII claims against the defendant in his personal capacity), *report and recommendation adopted by* 2020 WL 7767629 (N.D.N.Y. Dec. 30, 2020) (D'Agostino, J.).

In this case, I am unable to conclude with complete certainty that if permitted leave to amend the complaint, Plaintiff could not assert a plausible *quid pro quo* harassment Title VII claim against Defendant Kaizer Developers LLC. Accordingly, I recommend that leave to amend be granted.

If Plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient

---

[7]    *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[7]

I recommend that Plaintiff's Title VII claim against Defendants Gajjer, Sharna, Dedauia, and Patel be dismissed without leave to amend. *See Pitter v. Target Corp.,* 20-CV-0183, 2020 WL 8474858, at *7 (N.D.N.Y. Sept. 1, 2020) (Hummel, M.J.) (recommending dismissal with prejudice and without leave to amend the plaintiff's Title VII claims against the defendant in his personal capacity), *report and recommendation adopted by* 2020 WL 7767629 (N.D.N.Y. Dec. 30, 2020) (D'Agostino, J.).

In this case, I am unable to conclude with complete certainty that if permitted leave to amend the complaint, Plaintiff could not assert a plausible *quid pro quo* harassment Title VII claim against Defendant Kaizer Developers LLC. Accordingly, I recommend that leave to amend be granted.

If Plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient

---

[7]    *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's *in forma pauperis* application (Dkt. No. 2) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be accepted for filing with respect to Plaintiff's Title VII hostile work environment claim against Defendant Kaizer Developers LLC; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH THE OPPORTUNITY TO AMEND** Plaintiff's Complaint (Dkt. No. 1), to the extent that it alleges a *quid pro quo*

harassment Title VII claim against Defendant Kaizer Developers LLC, pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO AMEND** Plaintiff's Complaint (Dkt. No. 1), to the extent that it alleges Title VII claims against Defendants Gajjer, Sharna, Dedauia, and Patel, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[9]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[10]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: August 2, 2021
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[9] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[10] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).