UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMINATA DUNCANSON,

                              Plaintiff,

                                                                            3:21-CV-0587
v.                                                                          (GTS/ML)

KAIZER DEVELOPERS LLC, d/b/a Comfort Suites;
MAULIK GAJJER, Supervisor, HR, General Manager;
RAJIV SHARNA; NEERAY DEDAUIA; and
BAVESH PATEL,

                              Defendants.

_____

APPEARANCES:

AMINATA DUNCANSON
  Plaintiff, *Pro Se*
26 Pulaski Street
Binghamton, New York 13905

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Aminata Duncanson

("Plaintiff") against Kaizer Developers, LLC (*d/b/a Comfort Suites*) ("Kaizer") and four of its

employees ("Defendants"), is United States Magistrate Judge Miroslav Lovric's Report-

Recommendation recommending that Plaintiff's Title VII hostile work environment claim

against Defendant Kaizer survive the Court's *sua sponte* review but that Plaintiff's Title VII

claims against the four individual Defendants be *sua sponte* dismissed with prejudice, and that

Plaintiff's Title VII *quid pro quo* harassment claim against Defendant Kaizer be *sua sponte*

*dismissed* with leave to amend.  (Dkt. No. 5.)

Plaintiff has not filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired.  (*See generally* Docket Sheet.)  After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No.5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Title VII claims against Defendants Gajjer, Sharna, Dedauia, and Patel are **DISMISSED** **with prejudice** and **without prior leave to amend** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff's Title VII *quid pro quo* harassment claim against Defendant Kaizer Developers LLC (d/b/a Comfort Suites) is **DISMISSED** **without prejudice**, and **with leave to amend within THIRTY (30) DAYS** of the service of Plaintiff's Complaint on that

---

[1]     When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Defendant, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B);[2] and it is further

**ORDERED** that Plaintiff's Title VII hostile work environment claim against Defendant Kaizer Developers LLC (d/b/a Comfort Suites) **SURVIVES** the Court's *sua sponte* review; and it is further

**ORDERED** that the Clerk of Court is directed to issue a Summons, along with a copy of the Complaint, to the U.S. Marshal for service upon Defendant Kaizer Developers LLC (d/b/a Comfort Suites), which is directed to respond in accordance with the Federal Rules of Civil Procedure.

Dated:  September 1, 2021
         Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[2]      The Court notes that, after the above-referenced thirty (30) day period, Plaintiff may amend this claim only during the pendency of this action and upon meeting the requirements of Fed. R. Civ. P. 15(a)(2) and Local Rule 15.1(a).

3